**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** ) <br> **COMMISSION,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> ) <br> **DH SAN ANTONIO MANAGEMENT, LLC,** ) <br> **FORMERLY DHR SAN ANTONIO** ) <br> **MANAGEMENT, INC., AND** ) <br> **DESTINATION HOTELS AND RESORTS,** ) <br> **LLC, FORMERLY DESTINATION HOTELS** ) <br> **AND RESORTS, INC., D.B.A. LA** ) <br> **CANTERA RESORT & SPA** ) <br> ) <br> ) <br> ) <br> **Defendants.** ) <br> _____) | **CIVIL ACTION NO.** <br><br> **5:18-CV-990** <br><br><br><br><br><br><br><br><br><br><br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of national origin, Hispanic, and retaliation, and to provide appropriate relief to Francisco Andrade, Jose Arreaza, Avilio Arriaza, Alma Rosa Balderas, Angelica Cortes, Israel Flores, Jose Flores, Victor Flores, Tomas Galvan, Miguel Gamez, Alfredo Garcia, Victor Guevara, Adrian Guillen, Cleofas Hinojosa, Sergio Ireta, Jaime Leal, Veronica Navarrete, Sergio Paz, Miguel Perez, David Rodriguez, Ernesto Armando Vasquez Rubio, Erick Ruiz, Ana Trevino, Guillermo Vitela, and Sergio Vitela, and other aggrieved Hispanic employees of Defendants' Banquet Department (collectively the "Class Members"), all of whom worked for Defendant DH San Antonio

Management, LLC (formerly DHR San Antonio Management, Inc.) and Defendant Destination Hotels and Resorts LLC, (formerly Destination Hotels and Resorts, Inc.), d/b/a La Cantera Resort & Spa (collectively the "Defendants").   As set forth with greater particularity below, the Defendants subjected the Class Members to a hostile work environment created by a totality of their conduct, including but not limited to disparate treatment in adverse employment actions and verbal harassment, as well as the imposition of an English-only language policy that discriminated against them based on their national origin, Hispanic.   Further, the Commission alleges that Defendants' implementation and manner of enforcement of the English-only policy not only operated as intentional discriminatory treatment, but also resulted in a disproportionately adverse impact against the Hispanic Class Members as compared to other employees.   In addition to the discriminatory practices described herein, the Defendants also engaged in adverse actions and harassment against Class Members because of their national origin, Hispanic, and/or in retaliation for engaging in statutorily-protected activity under Title VII, including for opposing what they reasonably believed to be unlawful employment practices.

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337, 1343, 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C §2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

**PARTIES**

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant DH San Antonio Management, LLC, (formerly DHR San Antonio Management, Inc.), has continuously been and is now doing business in the state of Texas and the city of San Antonio, and has continuously had at least fifteen employees.

5.      At all relevant times, Defendant DH San Antonio Management, LLC, (formerly DHR San Antonio Management, Inc.), has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

6.      At all relevant times, Defendant Destination Hotels and Resorts, LLC, (formerly Destination Hotels and Resorts, Inc.), has continuously been and is now doing business in the state of Texas and the city of San Antonio, and has continuously had at least fifteen employees.

7.      At all relevant times, Defendant Destination Hotels and Resorts, LLC, (formerly Destination Hotels and Resorts, Inc.), has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

8.      Each Defendant's operations were closely interrelated and together the Defendants constitute an integrated enterprise that employed each of the Class Members. The Defendants were

subject to common ownership and shared employees and centralized management of labor relations.

## ADMINISTRATIVE PROCEDURES

9.     More than thirty days prior to the institution of this lawsuit, Francisco Andrade, Jose Arreaza, Avilio Arriaza, Alma Rosa Balderas, Angelica Cortes, Israel Flores, Jose Flores, Victor Flores, Tomas Galvan, Alfredo Garcia, Victor Guevara, Adrian Guillen, Cleofas Hinojosa, Sergio Ireta, Jaime Leal, Veronica Navarrete, Sergio Paz, Miguel Perez, Ana Trevino, Ernesto Armando Vasquez Rubio, Erick Ruiz, Guillermo Vitela and Sergio Vitela each filed a charge with the Commission alleging that Defendants violated Title VII of the Civil Rights Act of 1964, as amended.

10.   During the course of the investigation of the claims of Charging Parties' identified above in Paragraph 6, the EEOC found discrimination against Miguel Gamez and David Rodriguez (the "Aggrieved Individuals"), who also worked in the Banquet Department.

11.     On November 1, 2017, the Commission issued to Defendants Amended Letters of Determination with respect to the Charging Parties, the Aggrieved Individuals, and other Hispanic employees who worked in the Banquet Department (collectively, the "Class Members").  The Letters of Determination contained the Commission's findings of reasonable cause to believe that Title VII had been violated and invited Defendants and private counsel for the Charging Parties to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12.     On June 7, 2018, the Commission issued to Defendants Notices of Failure of Conciliation advising Defendants that the Commission was unable to secure a conciliation agreement acceptable to all the parties.

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

14.     La Cantera Resort & Spa, formerly operating as La Cantera Hill Country Resort (hereinafter "La Cantera"), is a luxury resort property located on 550 acres in San Antonio, Texas. On or about December 12, 2013, the Defendants took over management of La Cantera.  When the Defendants began their management of La Cantera, the Banquet Department's staff was predominantly composed of Hispanic employees who had been hired by the property's former management company.

15.     In the fall of 2014, the Defendants implemented several staffing and policy changes pertaining to the Banquet Department.  Defendants hired Will Primavera and Kathleen Bischoff to oversee the Banquet Department.  In October of 2014, Defendants implemented an unwritten English-only policy prohibiting employees from speaking Spanish while at work.  Primavera and Bischoff were primarily responsible for the draconian enforcement of the English-only policy, as well as subjecting the Class Members to ridicule, verbal abuse, and harsh treatment on account of their national origin, Hispanic. For example, Bischoff called Hispanics "Mexican spics" and referred to Spanish as a "foul language," and Primavera ridiculed employees' Spanish accents.

16.     The Defendants unwritten English-only policy prohibited employees from speaking any language other than English while at work.  The policy was enforced throughout the entire property, including both the "front" and "back" of the house, as well as on employee lunch breaks. Employees were frequently scolded and threatened with termination for speaking Spanish, even when there were no non-Spanish speaking individuals present.

17.     Shortly after implementing the English-only policy, Defendants closed the La Cantera property for approximately six months of renovation (November of 2014 through April of 2015).  Despite the fact that guests were not present for much of this period, the English-only policy was still strictly and harshly enforced during the renovation.

18.     The Defendants' English-only policy was not uniformly enforced against other national origin groups who spoke languages other than Spanish.  For example, the Defendants employed workers from Iran who were permitted to speak Farsi in front of guests without repercussion.

19.     After the Class Members communicated their concerns about the English-only policy, the Defendants retaliated against Class Members, including by terminating certain Class Members.  In response to complaints about the English-only policy, the Defendants' HR Director stated, "This is America, so speak English! What's the problem?"  Thereafter, enforcement of the English-only policy increased.  When the Defendants first took over management of La Cantera, each of the Banquet Captains, the Assistant Manager, and the Director of Banquets, were Hispanic. Within less than a year of assuming control, there were no remaining Hispanic employees in senior management positions in the Banquet Department as a direct result of the English-only policy national origin discrimination and related retaliation.

## STATEMENT OF CLAIMS

### Hostile Work Environment - Disparate Treatment

20.     Since on or about September of 2014, Defendants have engaged in unlawful employment practices at their establishment in San Antonio, Texas, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting the Class Members to a hostile work

environment, based upon their national origin, Hispanic. Defendants' conduct, the totality of which created the hostile work environment included but was not limited to:

(a)    implementation and harsh enforcement of a broad English-only policy;

(b)    disparate enforcement of the English-only policy against Hispanic employees compared to employees who spoke foreign languages other than Spanish, making the language restrictions the equivalent of a "No Spanish" policy;

(c)    unwelcome verbal harassment, including ethnic insults and slurs;

(d)    retaliation against Hispanic employees who opposed what they reasonably believed to be unlawful employment practices;

(e)    discipline, demotion and other adverse employment actions imposed on Hispanic employees after arrival of new management and implementation of the English-only language policy;

(f)    disparate treatment in terms and conditions of employment affecting Hispanic employees; and

(g)    replacement of long-term Hispanic Banquet Department managers with non-Hispanic managers.

21.    Defendants' management personnel John Spomer, Will Primavera, Kathleen Bischoff and Terry Holden, were among those with supervisory authority who implemented, were aware of and/or participated in the hostile work environment.  Meanwhile, Defendants did not have effective procedures in place to prevent or correct the hostile work environment.

**Disparate Impact of English Only Rule**

22.    Since at least September of 2014, Defendants have subjected the Class Members to ongoing  discrimination based upon national origin, Hispanic, by implementation and enforcement

of an English-only language policy that not only results in disparate treatment and hostile environment, but which also had a disparate impact on the Class Members in violation of Section 703(k) of Title VII, 42 U.S.C. § 2000e-2(k).  The policy which prohibits employees from speaking a language other than English is not job-related and consistent with business necessity. Defendants' use of their broad English-only policy imposed a term or condition of employment that disproportionately impacted Class Members who speak Spanish, on the basis of national origin, Hispanic, with regard to discipline, adverse actions and equal opportunities in employment.

**Statutorily-Protected Activity and Retaliation Against the Class**

23.    Defendants retaliated against Class Members who engaged in statutorily protected activity by subjecting them to adverse employment actions such as harassment, discipline, demotion, and/or termination in violation of Section 704(a) of Title VII, 42 U.S.C. Sec. 2000e-3(a).  Class Members who suffered the effects of such retaliation include Andrade, Arreaza, Balderas, Cortes, I. Flores, J. Flores, V. Flores, Galvan, Gamez, Garcia, Guevara, Guillen, Hinojosa, Ireta, Leal, Navarette, Paz, Perez, Rubio, Ruiz, Trevino, G. Vitela, S. Vitela, and other Hispanic Banquet Department employees who opposed what they reasonably believed to be unlawful employment practices.

24.    On or about October 6 and 7, 2014, Hispanic employees, including but not limited to Class Members Andrade, Balderas, I. Flores, J. Flores, Galvan, Gamez, Garcia, Guevarra, Guillen, Hinojosa, Ireta, Leal, Paz, Rubio, Ruiz, Trevino, G. Vitela and S. Vitela, participated in meetings at which Class Members communicated to Defendants' Director of Human Resources and other managers their concerns and objections regarding national origin discrimination on the job, including the employer's English-only policy, as well as the accompanying treatment, harassment, intimidation, pressure and stress related to its enforcement.  In late 2014 and early 2015, several

Class Members, including but not limited to Arreaza, Cortes, I. Flores, V. Flores, Gamez, Navarrete, Perez, Ruiz, and S. Vitela, also expressed or demonstrated their opposition to discrimination involving the English-only policy. After the Class Members engaged in protected activity, Defendants took adverse actions against them, including harassment, excessive scrutiny, difficult work assignments, discipline, demotion and termination.

### Adverse Employment Actions Against Individual Class Members

25. Class Member Tomas Galvan was among the employees who participated in at least one of the October 2014 meetings at which complaints about treatment of Hispanic workers were raised. He had not been disciplined by Defendants during his employment until after he complained of national origin discrimination. Mr. Galvan received three unwarranted disciplinary notices within a two-month period, and was then forced to resign on or about January 6, 2015. Defendants replaced Mr. Galvan with a non-Hispanic Banquet Captain. The discipline and constructive termination of Mr. Galvan was based on his national origin (Hispanic), and in retaliation for engaging in protected activity in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. Sec. 2000e-2(a) and 2000e-3(a).

26. Class Member Miguel Gamez is an Aggrieved Individual who was identified during the course of the EEOC investigation. Mr. Gamez was also among the employees who participated in at least one of the October 2014 meetings at which complaints about treatment of Hispanic workers were raised. Mr. Gamez also complained to Job Gutierrez in the Human Resources Department about the Defendants' English-only policy. Starting on or about October 10, 2014, Mr. Gamez began receiving disciplinary notices. Mr. Gamez, on or about January 15, 2015, was forced to accept a demotion from Banquet Captain to Banquet Server or resign. Having worked for 25 years as a supervisor, Mr. Gamez refused to accept the demotion and was then discharged

by Defendants.  Defendants replaced Mr. Gamez with a non-Hispanic Banquet Captain.  The discipline and termination of Miguel Gamez was based upon his national origin, Hispanic, and in retaliation for engaging in protected activity in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. Sec. 2000e-2(a) and 2000e-3(a).

27.  Class Member Alfredo Garcia was also among the employees who participated in at least one of the October 2014 meetings at which complaints about treatment of Hispanic workers were raised.  He had not received a disciplinary notice from Defendants during his employment until after he complained of national origin discrimination.  He then began receiving verbal and written disciplinary warnings.  On or about January 15, 2015, Mr. Garcia had no alternative but to accept a demotion from Banquet Captain to Banquet Server so as to avoid a forced resignation.  Defendants replaced Mr. Garcia with a non-Hispanic Banquet Captain.  The discipline and demotion of Alfredo Garcia was based upon his national origin, Hispanic, and in retaliation for engaging in protected activity in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. Sec. 2000e-2(a) and 2000-3(a).

28.  Class Member Victor Guevara was also among the employees who participated in at least one of the October meetings at which complaints about treatment of Hispanic workers were raised.  Starting on or about November 13, 2014, Mr. Guevara began receiving disciplinary notices.  On or about June 5, 2015, Mr. Guevara was terminated from his employment.  A document in Mr. Guevara's personnel file states that he was terminated for his use of a cell phone and for "speaking Spanish," allegations which he disputes.  The termination of Mr. Guevara was based upon his national origin, Hispanic, and in retaliation for engaging in protected activity in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. Sec. 2000e-2(a) and 2000e-3(a).

29.  Class Member Adrian Guillen was among the employees who participated in at least one of the October 2014 meetings at which complaints about treatment of Hispanic workers were raised.   He had not been disciplined by Defendants during his employment until after he complained of national origin discrimination.   On or about November 4, 2014, Mr. Guillen received a verbal warning.  On or about January 15, 2015, Mr. Guillen was told he must accept a demotion from Banquet Captain to Banquet Server, or resign.  Hoping to avoid the demotion, Mr. Guillen then reported national origin discrimination to Human Resources official, Job Gutierrez. Having received no assistance, Mr. Guillen accepted the demotion in lieu of termination. Defendants replaced Mr. Guillen with a non-Hispanic Banquet Captain.   The discipline and demotion of Mr. Guillen was based upon his national origin, Hispanic, and in retaliation for engaging in protected activity, in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. Sec. 2000e-2(a) and 2000-3(a).

30.   On or about February 25, 2015, Class Member Victor Flores openly opposed Defendants' English-only policy during an orientation meeting.   Immediately thereafter, Mr. Flores was escorted outside by security and was never scheduled by Defendants to work again. Victor Flores was terminated based upon his national origin, Hispanic, and in retaliation for engaging in protected activity in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. Sec. 2000e-2(a) and 2000e-3(a).

31.   Class Member David Rodriguez, former Director of Banquets, is an Aggrieved Individual who was identified during the course of the EEOC investigation.   Mr. Rodriguez was discharged approximately one month after Defendants' new management team, which implemented and enforced the broad English-only policy, took over management of the property. Mr. Rodriguez was replaced with a non-Hispanic Director of Banquets, Kathleen Bischoff, who

made derogatory comments about Hispanics and was responsible for enforcing the broad English-only policy.   David Rodriguez was discharged based upon his national origin, Hispanic, in violation of Section 703(a) of Title VII, 42 U.S.C. Sec. 2000e-2(a).

32.    The effect of the practices complained of in paragraphs 14 through 31 above has been to deprive the Class Members of equal employment opportunities and otherwise adversely affect their status as employees based on their national origin, Hispanic, and in retaliation for engaging in protected activity.

33.    The unlawful employment practices complained of in paragraphs 14 through 21 and 23 through 32 above were intentional.

34.    The unlawful employment practices complained of in paragraphs 14 through 21 and 23 through 32 above were done with malice or with reckless indifference to the federally protected rights of the Class Members.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, (1) from engaging in any employment practice which discriminates on the basis of national origin, (2) from maintaining a hostile work environment based on national origin, Hispanic; (3) from retaliating against employees who oppose or complain about such practices; and (4) from any other employment practice which discriminates on the basis of national origin, Hispanic, or which facilitates, condones, or encourages national origin-based harassment, and/or retaliation against employees who oppose or complain about such discrimination and harassment;

12

B.      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities and a non-hostile work environment for Hispanics, and for employees who oppose or complain about discrimination, and which eradicate the effects of its past and present unlawful employment practices;

C.      Order Defendants to make whole the Class Members by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement of the Class Members who were terminated or constructively terminated, or a reasonable amount of front pay in lieu thereof;

D.      Order Defendants to make whole the Class Members by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14 through 31 above, in amounts to be determined at trial;

E.      Order Defendants to make whole the Class Members by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 14 through 21 and 23 through 32 above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial;

F.      Order Defendants to pay the Class Members punitive damages for conduct that was committed with malice and/or reckless indifference as described in paragraphs 14 through 21 and 23 through 32 above, in amounts to be determined at trial;

G.      Grant such further relief as the Court deems necessary and proper in the public interest; and

H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Philip Moss*
*by permission of Robert Canino*
_____
ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

*/s/ Philip Moss*
*by permission of Edward Juarez*
_____
EDWARD JUAREZ
Supervisory Trial Attorney
Texas Bar No. 24019498

*/s/ Philip Moss*
_____
PHILIP MOSS
Trial Attorney
Texas State Bar No. 24074764
Email: philip.moss@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone:     (210) 281-7636
Facsimile:     (210) 281-7669

ATTORNEYS FOR PLAINTIFF