UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMSION | § § § § | |
| *Plaintiff,* | § § | |
| AND | § § | |
| ALFREDO GARCIA, ANA TREVINO, FRANCISCO ANDRADE, JOSE ARREAZA, AVILIO ARRIAZA, ALMA BALDERAS, ANGELICA CORTES, ISRAEL FLORES, JOSE FLORES, VICTOR FLORES, MIGUEL GAMEZ, TOMAS GALVAN, VICTOR GUEVARA, ADRIAN GUILLEN, CLEOFAS HINOJOSA, SERGIO IRETA, JAIME LEAL, VERONICA NAVARRETE, MIGUEL PEREZ, ERICK RUIZ, ERNESTO VASQUEZ RUBIO, GUILLERMO VITELA, AND SERGIO VITELA | § § § § § § § § § § § § § § § § § | No. 5:18-CV-00990-DAE |
| *Plaintiffs-Intervenors,* | § § | |
| V. | § § | |
| DH SAN ANTONIO MANAGEMENT, LLC, FORMERLY DHR SAN ANTONIO MANAGEMENT, INC., AND DESTINATION HOTELS AND RESORTS, LLC., FORMERLY DESTINATION HOTELS AND RESORTS, INC. D.B.A. LA CANTERA HILL COUNTRY RESORT | § § § § § § § § § § | |
| *Defendants.* | § | |

**PLAINTIFFS-INTERVENORS' MOTION TO COMPEL DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Alfredo Garcia, Ana Trevino, Francisco Andrade, Jose Arreaza, Avilio Arriaza, Alma Balderas, Angelica Cortes, Israel Flores, Jose Flores, Victor Flores, Tomas Galvan, Miguel Gamez, Victor Guevara, Adrian Guillen, Cleofas Hinojosa, Sergio Ireta, Jaime Leal, Veronica Navarreta, Miguel Perez, Erick Ruiz, Ernesto Vasquez Rubio, Guillermo Vitela, and Sergio Vitela (hereinafter collectively, "Plaintiffs/Intervenors"), and respectfully moves the Court to compel

Defendants to produce documents and answer interrogatories under Federal Rule of Civil Procedure 37, and in support thereof would show as follow:

## I. BRIEF FACTS

The La Cantera Hill Country Resort, now operating as the La Cantera Resort & Spa, (hereinafter "La Cantera"), is a luxury resort property located on 550 acres in San Antonio, Texas. On or about December 12, 2013, the Defendants took over management of La Cantera. When the Defendants began their management of La Cantera, the Banquet Department's staff was predominantly comprised of Hispanic employees who had been hired by the property's former management company, many of whom had been employed for several years.

In Fall 2014, the Defendants implemented several staffing policy changes pertaining to the Banquet Department, the department in which Plaintiffs/Intervenors worked. Defendants hired Will Primavera and Kathleen Bischoff to oversee the Banquet Department. In October 2014, Defendants implemented an unwritten English-only policy prohibiting employees from speaking Spanish while at work. Primavera and Bischoff were primarily responsible for the enforcement of the English-only policy. While doing so, they also subjected the Plaintiffs/Intervenors to ridicule, verbal abuse, and harsh treatment because of the Plaintiffs/Intervenors' national origin, Hispanic.

The Defendants' unwritten English-only policy prohibited employees from speaking any language other than English while at work. This policy was in effect on the entire property, including both the "front" and the "back of the house," as well as on employee breaks, and regardless of whether patrons were nearby. Employees were frequently scolded and threatened with termination for speaking Spanish, even when the individuals present were all Spanish speaking.

Shortly after implementing the English-only policy, Defendants closed the La Cantera property for approximately six months for renovation (November 2014 through April 2015). Even though guests were not present for much of this period, the English-only policy remained in full force.

After many of the Plaintiffs/Intervenors communicated their concerns about the English-only policy during an October 6, 2014 meeting, the Defendants retaliated against

Plaintiffs/Intervenors.  This retaliation included verbal warnings, documented disciplinary counseling or "write-ups," and, ultimately termination.  In response to complaints about the English-only policy, Defendants' Human Resources Director stated, "This is America, so speak English! What's the problem?"  After this incident, enforcement of the English-only policy increased.

When Defendants initially began to manage La Cantera, each of the Banquet Captains, the Assistant Manager, and the Director of Banquets were Hispanic.  After the first year of Defendants' management, there were no remaining Hispanic employees in senior management positions in the Banquet Department.  This was a direct result of the English-only policy that was implemented, national origin discrimination, and related retaliation.

Plaintiffs/Intervenors have requested various documents and information from Defendants regarding, among others, personnel files of the Plaintiffs/Intervenors, previous similar disciplinary actions against other employees, Defendants' policies and procedures, personnel files of Defendants' managers who were responsible for the harassment and retaliation, documents relating to the Plaintiffs/Intervenors' terminations/resignations/demotions, and documents regarding any "English Only" and/or "No Spanish" policies.

## I. DISCOVERY DISPUTE

On or about April 26, 2019, Plaintiffs/Intervenors initially sent 23 sets of discovery requests—both interrogatories and requests for production—for each class member in this case. *See* Exhibit A, an exemplar set of the discovery sent to Defendants.  At Defendants' request, Plaintiffs/Intervenors agreed to postpone the deadline for Defendants to respond to these requests to accommodate Defendants' request for the parties to attend mediation.  By agreement, Defedants' responses would not be due until August 2, 2019.

On August 2, Plaintiffs/Intervenors received both Defendants' Answers and Objections to Plaintiffs/Intervenors' First Set of Interrogatories and Defendants' Answers and Objections to Plaintiffs/Intervenors' First Request for Production of Documents.  Defendants filed 23 sets of ***identical objections*** with ***no substantive responses*** to all of Plaintiffs/Intervenors' First Set of

Interrogatories. *See, e.g.*, Exhibit B, an exemplar set of Answers to Plaintiffs/Intervenors' Interrogatories. Defendants also filed 23 sets of identical responses to Plaintiffs/Intervenors' Request for Production of Documents—where Defendants objected to responded inadequately to all of Plaintiffs/Intervenors' Request for Production. *See, e.g.*, Exhibit C, an exemplar set of Responses to Plaintiffs/Intervenors' Requests for Production.

Specifically, in response to Plaintiffs/Intervenors' Interrogatories, Defendants objected to ***twenty out of twenty-five interrogatories***. *See, e.g.*, Exhibit B. For instance, in a case revolving around whether or not Defendants implemented and enforced an "English-only" policy, Defendants objected to the following Interrogatories:

> 17. Did Defendants implement an "English Only" policy at La Cantera? If so, please identify when it was implemented, in which department(s) it was implemented, by whom it was implemented, the way it was implemented, and the individual(s) responsible for enforcing the policy for Defendants.
>
> **Answer:** Defendants object as this request is overbroad and outside the scope of permissible discovery. Defendants further object as this request is vague and confusing.
>
> 18. If Defendants implemented an "English Only" policy at La Cantera, please identify any business necessity that justified the implementation of the policy and the employee(s) responsible for determining that the policy was a business necessity. Include in this description the name of the employee, job title, address, and telephone number.
>
> **Answer:** Defendants object as this request is a legal question which requires a legal conclusion. Defendants further object to the extent this request seeks information which is protected by the attorney/client and work-product privilege.
>
> 19. If Defendants implemented an "English Only" policy at La Cantera, please identify each employee who was disciplined, counseled, reminded of the existence of said policy, or corrected by Defendants for violating said policy at La Cantera. Include in this description the name of the employee, job title, department, address, and telephone number.
>
> **Answer:** Defendants object as this request is overbroad and outside the scope of permissible discovery especially since the request does not contain a time frame. Defendants further object to the extent this request seeks information which is confidential and/or sensitive in nature.

*See* Exhibit B.

In these few interrogatories that they responded to, they merely stated "Defendants will produce documents pursuant to Rule 33(d) which are responsive to this interrogatory at a mutually agreed time and place." *See id.* at 3, 4.

Then, in response to Plaintiffs/Intervenors' Requests for Production, Defendants objected

to every request for production except for numbers 6, 16, 20, 21, 37, 45, 46, and 116—in which they gave this same "mutually agreed time and place" response—and numbers 26, 29, 30, and 48—in which they stated that there were no responsive documents. *See, e.g.*, Exhibit C at 7, 8, 11.

Defendants filed this exact same set of responses to both Plaintiffs/Intervenors' Interrogatories and Requests for Production. *See, e.g.*, Exhibit B; C. The only difference between the 24 sets of responses is the Class Members' name. *See id.* Because of this, on August 2, 2019, Plaintiffs/Intervenors' counsel sent an e-mail explaining that Defendants' answers were provide in bad faith and requesting that Defendants remove their objections and/or supplement their Responses by August 5, 2019. *See* Exhibit D. Additionally, per Rule 37(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs/Intervenors attempted to confer with Defendants in an effort to obtain the discovery without court action. *See* Exhibit E; *see also* FED. R. CIV. P. 37(a)(1) ("the motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"). On August 7, Plaintiffs/Intervenors received a response from one of the attorneys of record for Defendants, which only stated that "response documents" would be sent, but failed to address the remaining issues regarding the responses and boilerplate objections. As of today, Defendants still have not removed or altered their responses and objections. On August 8, 2019, Defendants produced 1,235 pages of documents, without any indication of which requests the documents were in response to or any exhibit list to indicate what the documents were.

Included within these documents were random and disorganized bates-labeled documents. The largest section of this 1,200-page document included what may be the Plaintiffs/Intervenors' personnel files. There were only a few documents related to the investigation of the complaints of the English-only policy, and several other documents that Plaintiffs/Intervenors are unable to identify how or why are responsive to the pending discovery requests.

Defendants have had approximately three months to compile the Plaintiffs/Intervenors' files and responsive documents, and have had over three years of responding to the Equal Employment Opportunity Commission (hereinafter "EEOC")'s inquiries. Individual investigations

were conducted by the EEOC and Defendants and individual findings, responses, and documents were exchanged; yet, Defendants fail to provide anything of substance to Plaintiffs/Intervenors' discovery requests. This discovery is crucial to Plaintiffs/Intervenors because it sought information regarding the personnel files of the Plaintiffs/Intervenors, previous similar disciplinary actions against other employees, Defendants' policies and procedures, documents relating to the Plaintiffs/Intervenors' terminations/resignations/demotions, and documents regarding any "English Only" and/or "No Spanish" policies, among other highly relevant topics.

This Court should compel Defendants to produce the missing discovery to Plaintiffs/Intervenors because 1) Defendants failed to state the specificity for their objections and failing to provide the non-objectionable information; 2) Defendants copy and pasted boilerplate objections to every one of Plaintiffs/Intervenors discovery requests and thus waived their objections; and 3) Defendants failed to timely produce documents and when they did, failed to categorize or identify the documents produced as one giant, 1,200+ page document.

## II. ARGUMENTS & AUTHORITIES

### A. Federal Standards for Discovery.

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. *See* FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

#### i. *Recent Amendments Regarding Discovery.*

Notably, the Federal Rules of Civil Procedure were amended in 2015 to impose more stringent standards on discovery responses. *See* FED. R. CIV. P. 26; 34. Rule 26(b)(1) now provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense

and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

Rule 34 was also amended in 2015 to specifically target boilerplate objections by requiring parties to **respond to each discovery item** or object by stating **"with specificity the grounds for objecting to the request, including the reasons."** FED. R. CIV. P. 34(b)(2)(B). Additionally, the amendment now requires parties to state whether they are actually withholding responsive documents on the basis of their stated objections. FED. R. CIV. P. 34(b)(2)(C).

### ii.   Burden of the Party Resisting Discovery.

These amendments, however, do not alter the basic allocation of the burden on the party resisting discovery to – in order to successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *Heller v. City of Dallas*, 303 F.R.D. 466, 483-93 (N.D. Tex. 2014). The specific objection must also show that the discovery fails the proportionality calculation mandated by Federal Rule of Civil Procedure 26(b) by coming forward with specific information to address the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

### B. Defendants Failed to State the Specificity of their Objections and Failed to Provide Objections to the Non-Objectionable Information.

Defendants failed to comply with Rule 34 of the Rules of Federal Procedure because they failed to state with specificity the grounds for objecting to the requests, including the reasons. *See* FED. R. CIV. P. 34(b)(2)(B). As discussed above, a party resisting discovery must show specifically

how each discovery request is not relevant or otherwise objectionable. *See McLeod*, 894 F.2d at 1485. In response to a Rule 34 request, "[f]or each item or category, the response must state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

The same standards apply for interrogatory responses. Under Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath"; "[t]he grounds for objecting to an interrogatory must be stated with specificity"; and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(3)-(4).

In *Merrill v. Waffle House, Inc.*, the United States District Court for the Northern District of Texas examined a discovery dispute in in a race discrimination case where a Magistrate Judge previously granted the Plaintiffs' Motion to Compel Production of Documents. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005). In that case, the Plaintiffs requested extensive discovery pertaining to the Defendant's financial records and its employee training procedures. *Id.* The Defendant objected on several grounds—one being that the thousands of documents Plaintiffs requested from 1400 nationwide Waffle House restaurants were burdensome and costly. *Id.* The Court overruled this objection and stated that **the "Defendant cannot attack the propriety of Plaintiffs' discovery requests with hypothetical arguments [and that] Defendant must produce specific evidence that each challenged discovery request causes it to incur an actual and undue burden."** *Merril*, 227 F.R.D. at 478.

Additionally, in *S.E.C. v. Brady*, the court examined another discovery dispute where a party objected to a subpoena on the basis that it was overbroad and unduly burdensome. *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006). The court stated that the party's objections were not specific enough and that the **"objecting party must make a specific, detailed showing of how a request**

is burdensome." *Id.* "A mere statement by a party that a request is "overly broad and unduly burdensome" is not adequate to voice a successful objection." *Id.* Moreover, the court stated that "broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request." *Id.* A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request. *Id.*

Here, Defendants objected to almost every single interrogatory and request for production, and when objecting on the basis that the request was too broad or burdensome, Defendants did not specifically show how. For example, in Interrogatory number 2, Defendants objected to a majority of Plaintiffs/Intervenors' discovery stating:

> Defendants object as this request is overbroad and outside the scope of permissible discovery. Defendants further object as this request is vague.

*See* Exhibit B at 2.

Defendants provided this same objection in interrogatories numbers 1, 2, 3, 4, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, and 25 for every class members' request. *See, e.g.*, Exhibit B. In none of these objections did Defendants state specifically how each request was overly broad, burdensome, or oppressive. Rather, they copy and pasted this same boilerplate objection without any explanation.

Further, Defendants failed to provide any type of affidavit or evidentiary proof showing the time or expense involved in responding to this discovery request. *See Brady*, 238 F.R.D. at 437 (requiring a party resisting discovery on an "overly burdensome or costly" basis to provide evidence showing **why** production would be burdensome or costly). Therefore, this Court should compel Defendants to respond to every single one of Plaintiffs/Intervenors discovery requests that Defendants objected to with a mere "overbroad and unduly burdensome" type of statement.

### C. Defendants' Identical Boilerplate Objections to Every Discovery Request Constitutes Waiver.

As described above, Defendants have repeatedly issued boilerplate objections to Plaintiffs/Intervenors' interrogatories and requests for production as "overbroad and outside the

scope of permissible discovery" or "vague" without providing specific explanations for the bases for the objections.

Boilerplate objections such as these violate Rule 34(b)(2)(B) and 34(b)(2)(C), and these boilerplate objections are improper and result in waiver of the unsupported objections. Rule 26(b)(1) states that a party may not "refuse discovery simply by making a boilerplate objection that it is not proportional." FED. R. CIV. P. 26(b)(1).

For example, in *Halleen v. Belk, Inc.*, the court examined a party's discovery objections. *Halleen v. Belk, Inc.*, No. 4:16-CV-55, 2018 WL 3735579, at *3 (E.D. Tex. Aug. 6, 2018). The resisting party objected to the requesting party's discovery responses with boilerplate objections consisting of assertions of privilege. *Id.* The court stated that these boilerplate objections constituted waiver of objections and that "[a] party may not 'refuse discovery simply by making a boilerplate objection that it is not proportional." *Id.* The party's boilerplate responses failed to specify the scope of its answer in relation to the request, which then made it impossible for the requesting party or the court to assess the sufficiency of the response. *Id.* The resisting party's continuous use of boilerplate objections was not supported by the federal rules and went against the purposes of a "just, speedy, and inexpensive resolution." *Id.*

Here, Defendants produced identical responses to every Plaintiffs/Intervenors' Requests for Production and Interrogatories. *See, e.g.*, Exhibit B, C. The only difference between each response was the class members' name. *See id.* In these identical responses, Defendants objected to almost every single request or stated that it would provide these responses "at a mutually agreed time and place." These types of objections to requests for production and interrogatories are the kind that Courts have warned are improper. *See Heller*, 303 F.R.D. at 483-93.

Therefore, Defendants failure to specify specific grounds in the objections and use of boilerplate objections result in waiver of those objections. FED. R. CIV. P. 34(b)(2)(B); *Keycorp v. Holland*, No. 3:16-cv-1948-D, 2016 U.S. Dist. LEXIS 147926, 2016 WL 6277813 at *11 (N.D. Tex. Oct. 26, 2016) ("boilerplate objections are improper and result in waiver of the unsupported objections"). As a result, this Court should order Defendants to provide amended responses to

Plaintiffs/Intervenors' discovery requests and should find that Defendants waived their right to object to any of these requests.

If this Court finds that these objections are not waived, then they should be overruled. Defendants have not met their burden to explain the specific and particular way in which each request is vague and have failed to specify which document they are withholding within each objection. *See id.* at 491.

### D. Even Defendants few Responses to Plaintiffs/Intervenors' Discovery Requests are Deficient.

In the few requests that Defendant did respond to, they failed to point Plaintiffs/Intervenors to any actual documents or productions. Specifically, in the interrogatory responses to numbers 5, 7, 8, 9, 10 and 11, and to the request for production responses to numbers 6, 16, 20, 21, 37, 45, 46, and 116, Defendants stated:

> Defendants will produce documents pursuant to Rule 33(d) which are responsive to this interrogatory at a mutually agreed time and place.

*See* Exhibit B; Exhibit C.

This still fails to comply with the Federal Rules of Civil Procedure because it fails to produce any documents or specify the reason for not producing documents. This is particularly violative of Rule 33(d). This rule, focusing on interrogatories, states that in responding to an interrogatory answer, an answering party "must specify the information that [the requesting party] should review in sufficient detail to enable [the requesting party] to locate and identify the information in the document [at least] as readily as [an answering party] could." *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-cv-2498-B, 2016 U.S. Dist. LEXIS 68354, 2016 WL 2997744, at *9 (N.D. Tex. May 25, 2016). This generally requires an answering party "to point to specific documents, by name or bates number," and not pointing the requesting party generally to document productions. *Id.* at *10. Therefore, even the few responses that Defendants did produce were deficient.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs/Intervenors pray that notices be issued, that this court overrule any objections asserted by Defendants and that

Defendants be compelled to produce the items requested, adequately respond to the Interrogatories, and for such other and further relief to which Plaintiffs/Intervenors are justly entitled.

        Respectfully submitted,

**ESPINOZA LAW FIRM, PLLC**
10202 Heritage Blvd.
San Antonio, TX 78216
210.229.1300 t
210.229.1302 f
www.espinozafirm.com

   /s/ *Javier Espinoza*
**JAVIER ESPINOZA**
Texas Bar No. 24036534
javier@espinozafirm.com
e-service@espinozafirm.com
**LARA BROCK**
Texas Bar No. 24085872
lara@espinozafirm.com
***Attorneys for Plaintiff-Intervenors***

## CERTIFICATE OF CONFERENCE

On August 2, 2019, I sent an email to counsel for Defendants requesting these specific deficiencies be resolved. I asked for a response by Monday, August 5 at 5:00 p.m., but did not receive a response. On August 3, I sent another email to counsel for Defendants and specifically asked to confer regarding these issues. I received a non-substantive response from one attorney of record for Defendant that he was out of town and that we would only receive some documents from his office, but received no response from the other attorney-of-record for Defendant and received no response to our repeated request for substantive answers and the removal of boilerplate objections made the basis of this Motion.

Accordingly, reasonable efforts were made to confer in good faith, and further, specific reference was made to the arguments that would be made in a Motion to Compel, should one be necessary. However, no response to these issues was received.

   /s/ *Javier Espinoza*
**JAVIER ESPINOZA**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via e-mail on August 8, 2019 to the counsel listed below:

Paul E. Hash, Esq.
Paul.Hash@jacksonlewis.com
Michael J. DePonte, Esq.
Michael.DePonte@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
*Attorneys for Defendants*

Edward Juarez, Esq.
Eduardo.juarez@eeoc.gov
Robert A. Canino, Esq.
Robert.canino@eeoc.gov
Phillip Moss
Philip.moss@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229
*Attorneys for Plaintiff – EEOC*

                                                  */s/ Javier Espinoza*
                                                  **JAVIER ESPINOZA**