IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    *Plaintiff,*<br><br>AND<br><br>ALFREDO GARCIA, ANA TREVINO, FRANCISCO ANDRADE, JOSE ARREAZA, AVILIO ARRIAZA, ALMA BALDERAS, ANGELICA CORTES, ISRAEL FLORES, JOSE FLORES, VICTOR FLORES, MIGUEL GAMEZ, THOMAS GALVAN, VICTOR GUEVARA, ADRIAN GUILLEN, CLEOFAS HINOJOSA, SERGIO IRETA, JAIME LEAL, VERONICA NAVARRETE, MIGUEL PEREZ, ERICK RUIZ, ERNESTO VASQUEZ RUBIO, GUILLERMO VITELA, AND SERGIO VITELA,<br><br>    *Plaintiff-Intervenors,*<br><br>vs.<br><br>DH SAN ANTONIO MANAGEMENT, LLC, ET AL.,<br><br>    *Defendants.* | § § § § § § § § § § § § § § NO: 5:18-CV-00990-JKP § § § § § § § § § § § § § § § § § § |

## CONSENT DECREE

The EEOC initiated this lawsuit under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct allegations of unlawful employment practices including national origin discrimination and retaliation and to provide appropriate relief to the below described Class Members who were adversely affected by such practices. More specifically, the EEOC alleged that the Defendants subjected the Class Members to a hostile work

environment because of their national origin (Hispanic), subjected the class members to disparate treatment based on their national origin, subjected the Class Members to an unlawfully broad and aggressively enforced speak English-only policy, and retaliated against them after they engaged in protected activities. The above-named individuals intervened in the EEOC's lawsuit and asserted the same causes of action as alleged by the EEOC under Title VII. Defendants deny all of the Commission's allegations in the complaint.

The Parties wish to settle this action pursuant to the terms delineated in this Consent Decree, with each party expressly acknowledging that this settlement is a compromise of disputed claims.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

## I. GENERAL PROVISIONS

A.  **The Parties:** As used in this consent decree ("Consent Decree"), the following terms shall apply and the term Parties shall refer collectively to the entities and individuals as indicated in section (6) below:

    (1) The U.S. Equal Employment Opportunity Commission (hereinafter "EEOC" or "Commission");

    (2) Francisco Andrade, Jose Arreaza, Avilio Arriaza, Alma Rosa Balderas, Angelica Cortes, Israel Flores, Jose Flores, Victor Flores, Thomas Galvan, Miguel Gamez Alfredo Garcia, Victor Guevara, Adrian Guillen, Cleofas Hinojosa, Sergio Ireta, Jaime Leal, Veronica Navarrete, Sergio Paz, Miguel Perez, Erick Ruiz, Ana Trevino, Ernesto Armando Vasquez Rubio, Guillermo Vitela, and Sergio Vitela (hereinafter the "Intervenors");

    (3) David Rodriguez (hereinafter "the additional Aggrieved Individual");

    (4) The Intervenors and the additional Aggrieved Individual are collectively referred to as (the "Class Members");

    (5) DH San Antonio Management, LLC and Destination Hotels and Resorts, Inc., (collectively the "Defendants");

  (6) The EEOC, the Intervenors, and the Defendants are collectively referred to as (the "Parties").

**B.** <u>**Scope of Agreement**</u>: The Parties agree that this Decree resolves all claims and issues raised by the EEOC and Intervenors in this civil action. The EEOC waives further litigation of all claims raised in the above-referenced Complaint. The EEOC will not use the Charges relating to this lawsuit as the jurisdictional basis for filing any other lawsuit or lawsuits against the Defendants, and this Decree is intended to be the complete resolution of such Charges and of this lawsuit.

**C.** <u>**Without Prejudice to Other Charges**</u>: The Parties agree that with the settlement of the above-identified claims, the EEOC does not waive, or in any manner limit, its right to process or seek relief in any other charge or investigation, including but not limited to, a charge filed by a member of the Commission against Defendants.

**D.** <u>**Binding Agreement**</u>: The terms of this Consent Decree shall be binding upon all identified Parties to this Agreement and their respective agents, officers, employees, servants, successors, and assigns.

**E.** <u>**Employment Practices**</u>: During the term of this Consent Decree, Defendants are enjoined from discriminating against any employee or applicant for employment on the basis of national origin, in violation of Title VII. Specifically, Defendants shall not (1) engage in or be a party to any action, policy, or practice (including an English-only policy or rule which is contrary to the EEOC's Enforcement Guidance on National Origin Discrimination, Section V. C. (No. 915.005 November 18, 2016) that has the intent or effect of discriminating against, harassing, or intimidating any employee or applicant on the basis of national origin; (2) discipline, demote, or discharge any employee on the basis

of national origin; (3) implement or enforce a policy or other rule prohibiting the speaking of Spanish or requiring employees to speak only the English language during working hours, unless such policy or rule is job-related and consistent with business necessity; and (4) will not create, facilitate, or permit the existence of a work environment that is hostile to Hispanic employees specifically, or any employees generally, on the basis of national origin.

F. **Retaliation Prohibited**: Defendants further are enjoined against retaliating against the Class Members or any employee or applicant for employment (by for example discharging, demoting, or harassing) (1) for opposing any employment practice made unlawful by Title VII; (2) for complaining about, reporting, or otherwise opposing any employment practice or policy believed to constitute national origin discrimination, retaliation, or other unlawful discrimination; or (3) for filing a charge, giving testimony or assistance, or participating in any manner in any investigation, proceeding, hearing, or action under Title VII.

G. The Parties agree that this Court has jurisdiction of the subject matter of the claims and causes of action asserted by the EEOC and the Intervenors against the Defendants, venue is proper, and all administrative prerequisites to the filing of the complaints have been met.

H. Defendants shall bear the costs associated with administering and implementing the provisions of this Decree.

II. **EMPLOYMENT POLICY AND PRACTICES TERMS AND PROVISIONS**

A. **Policy Prohibiting National Origin Discrimination and Retaliation**: Within thirty (30) days of the effective date of this Agreement, Defendants shall adopt and implement a policy,

to the extent not already in place, that prohibits discrimination based on national origin and retaliation ("EEO Policy") that meets all of the following criteria:

    (1) States that Defendant(s): (a) prohibits discrimination against employees and applicants on the basis of national origin and retaliation, in violation of Title VII; (b) prohibits retaliation against employees and applicants who raise concerns, report or oppose employment practices they believe are unlawfully discriminatory and/or who participate in inquiries or investigations of a complaint of discrimination under Title VII; (c) prohibits any act, policy, or practice that has the effect of discriminating against, harassing, or intimidating any employee or applicant on the basis of national origin, in violation of Title VII; (d) prohibits the implementation and enforcement of an English-only policy or rule, either verbally or in writing unless such policy or rule is job-related and consistent with business necessity; and (e) prohibits any act, policy, or practice that has the effect of creating, facilitating, or permitting the existence of a work environment that is hostile or abusive to employees based on national origin, in violation of Title VII;

    (2) Defines national origin discrimination, harassment, and retaliation;

    (3) Provides that the complaints of discrimination, harassment, and/or retaliation can be made either in writing or verbally;

    (4) Provides for prompt investigation of any discrimination, harassment, and/or retaliation complaints and for prompt remedial action, which is appropriate and effective, to remedy the discrimination;

    (5) Provides for discipline for violating Defendants' policy, up to and including discharge; and

    (6) Requires all supervisors to report incidents of discrimination, harassment, and/or retaliation to any other supervisors, managers or officers charged with investigating discrimination complaints.

B. **Complaint Procedures:** Within thirty (30) days of the effective date of this Consent Decree, Defendants shall adopt and implement a complaint procedure that is designed to encourage employees to come forward with complaints regarding violations of the EEO Policy, described in Paragraph II(A) above (hereinafter "Complaint Procedures"). Defendants' Complaint Procedures shall provide all of the following:

  (1)  Simple, convenient, confidential, and reliable mechanisms for reporting incidents of national origin discrimination, harassment, and retaliation;

  (2)  Prompt investigation of complaints of any discrimination, harassment, and/or retaliation;

  (3)  An effective means of promptly communicating to the complaining party the results of the investigation;

  (4)  Appropriate remedial action to resolve the complaint and to deter future incidents of discrimination, harassment, and/or retaliation; and

  (5)  Assurances that the complainant(s) shall not be subjected to intimidation, harassment, and/or retaliation.

Within thirty (30) days of the effective date of this Consent Decree, Defendants shall distribute the EEO Policy and Complaint Procedures to all of its current employees at their San Antonio resort facility. Defendants shall certify in writing to the EEOC within forty-five (45) days of the effective date of this Consent Decree that it has complied with this provision. Furthermore, during the remaining term of this Consent Decree, Defendants shall continue to distribute their EEO Policy and Complaint Procedures to each employee hired during the term of this Agreement. Defendants shall certify in writing to the EEOC within thirty (30) days of each annual anniversary of the effective date of this Agreement that Defendants have provided a copy of these policies to all employed during the year of that annual anniversary.

During the term of this Consent Decree, Defendants shall provide the EEOC with written notice in the event that Defendants make any substantive revisions to the EEO Policy or Complaint Procedures set forth in this Consent Decree.

C. **National Origin Discrimination and Retaliation Training**: Within ninety (90) days of the effective date of this Consent Decree, Defendants shall provide no less than two (2) hours of Equal Employment Opportunity training to all of their current employees at their

6

San Antonio resort facility, including all managerial and human resources employees. This training shall provide guidance on what conduct constitutes unlawful employment practices under Title VII, including but not limited to, Title VII's prohibitions against national origin discrimination, harassment, and retaliation. The training shall include:

(1) a legally sufficient definition of national origin discrimination, harassment, and retaliation;

(2) examples of comments and conduct that alone, or together, might constitute national origin discrimination, harassment, and retaliation;

(3) a thorough review of the circumstances when English-only policies or rules violate Title VII, including a review of the EEOC's Enforcement Guidance on National Origin Discrimination, Section V. C. (No. 915.005 November 18, 2016);

(4) Defendants' complaint procedures, practices, and programs;

(5) the damaging effects that discrimination causes to victims, their families and co-workers, and the workplace environment; and

(6) the training for managerial and human resources employees shall additionally include training on how to receive, investigate, or report to designated officials complaints of national origin discrimination and retaliation; and how to take preventive and corrective measures against discrimination and any subsequent retaliation. The training of managerial employees shall also sensitize managers to subtle complaints of discrimination and retaliation and how to properly identify and address such complaints; instruct managers of their responsibility to promptly inform the human resources department of all complaints; and instruct managers on the prohibition against retaliation.

The training shall be in person. The training shall be conducted by an experienced outside consultant or an attorney licensed in the State of Texas who specializes in employment law. The consultant or attorney selected shall send a copy of the training presentation and outline to the EEOC at least fifteen (15) days before the first training session occurs.

The purpose of the training shall be to give the participants a thorough understanding of workplace discrimination, harassment, and retaliation, (including a focused component on national origin discrimination and harassment), and Defendants' obligations and commitments to prevent and correct such in the workplace.

Defendants will conduct a one-hour refresher training once every twelve (12) months after the first training is completed. All newly-hired employees, supervisors, managers, and human resources employees and recruiters shall review a videotaped training within thirty (30) days of their hire date if the annual training does not occur before then.

For each annual training session conducted under this Section, Defendants shall generate a registry containing the dates of training and the signatures of all persons in attendance. Each registry shall be retained by Defendants for the duration of the Consent Decree, and such registry shall be provided to the EEOC, if requested.

D. **Recordkeeping:** For the term of this Consent Decree, Defendants shall maintain a written log of all complaints of national origin discrimination, harassment, and/or retaliation. This log will include the results of all investigations into complaints of national origin discrimination, harassment, and/or retaliation. Defendants will submit copies of these logs to the EEOC upon request.

E. **Posting:** Within ten (10) days of the effective date of this Consent Decree, Defendants shall post copies of the Notice to All Employees, attached as Exhibit A (hereinafter "Notice"), at Defendants' San Antonio resort facility, in a conspicuous location easily accessible to and commonly frequented by employees. The Notice shall remain posted for the duration of this Consent Decree. Defendants shall ensure that the posting is not altered,

defaced, or covered by any other material. Defendants shall certify in writing to the EEOC within twenty (20) days of the effective date of this Consent Decree that it has complied with this provision.

### III. MONETARY RELIEF FOR THE CLASS MEMBERS

A.  **Total Payment and Distribution:** Defendants shall pay a total sum of $2,625,000.00 (two million, six hundred and twenty-five thousand dollars, and zero cents) in monetary relief to the Class Members. The amount of each individual payment will be determined and agreed upon by the EEOC and Intervenors' counsel. Such amounts for distribution shall be in accordance with communications to be set forth by the EEOC and Intervenors' counsel to Defendants. Payment shall be made within forty-five (45) days of the Court's adoption of this decree.

B.  **Tax Treatment For Monetary Relief:** For each payment to be made to Class Members David Rodriguez, Victor Flores, Thomas Galvan, Alfredo Garcia, Victor Guevara, Adrian Guillen, Miguel A. Gamez, and Ernesto Vasquez Rubio, twenty (20) percent of the total settlement amount, (after deduction of attorney's fees and costs), shall be designated as back pay that is subject to applicable legal deductions for the employee's share of federal withholdings (thus requiring an IRS Form W-2). For each payment to the remaining class members not specifically named above in this section, ten (10) percent of the total settlement amount, (after deduction of attorney's fees and costs), shall be designated as back pay that is subject to applicable legal deductions for the employee's share of federal withholdings (thus requiring an IRS Form W-2). For each Class Member receiving payment, the remaining percentage or amount of monetary relief, less attorneys' fees to be provided by Intervenor's counsel, will be to satisfy other claims for damages which are not

subject to withholding and for which Defendant DH San Antonio Management, LLC will issue an IRS Form 1099. The amount of the attorneys' fees paid to Intervenor's counsel shall be listed in the above-mentioned communications from EEOC and Intervenors' counsel to Defendants. Defendants shall send the check(s) by a method confirming receipt to the Intervenors c/o Javier Espinoza, ESPINOZA LAW FIRM, PLLC, 10202 Heritage Boulevard, San Antonio, Texas 78216 and the Aggrieved Individual c/o David Rodriguez at an address to be provided by the EEOC. Defendants agree to provide written notice to the EEOC within ten (10) days of satisfying these obligations.

C. **Neutral Employment Reference:** In responding to oral or written reference inquiries from prospective employers, Defendants shall provide only the Class Members (1) positions held during their employment, and (2) the dates of their employment. Defendants will not refer to this Consent Decree or issues underlying it, or state that Defendants are constrained by any agreements. Defendants shall only explain that any limitation on additional information is pursuant to company policy.

## IV. COMPLIANCE

A. **Commission Review:** During the term of this Consent Decree, the EEOC may review Defendants' compliance with this Consent Decree. As a part of such review, the EEOC may require written reports regarding compliance, inspect Defendants' premises at reasonable times and with reasonable notice so that counsel may be present, interview employees, and examine and copy relevant documents.

B. **Non-Compliance Notice and Enforcement Procedure:**

 (1) If the EEOC has reason to believe that Defendants have not complied with any term or provision of this Consent Decree, the EEOC shall provide

written notice of the alleged non-compliance ("Notice of Alleged Violation") prior to taking any action thereon. The Notice of Alleged Violation shall include the section(s) and paragraph(s) of this Decree alleged to be violated and a statement of the facts and circumstances relied upon as the basis for the EEOC's claim of non-compliance.

(2) Defendants shall have fifteen (15) days from receipt of the Notice of Alleged Violation to respond to the EEOC regarding the alleged violation, during which time the EEOC shall not undertake any enforcement action. The fifteen (15) day period may be extended by written agreement of the EEOC and Defendants.

(3) If the EEOC and Defendants are unable to resolve their dispute regarding the alleged violation, then the EEOC may seek enforcement of this Consent Decree with respect to the alleged violation in the United States District Court for the Western District of Texas, San Antonio Division. During the five years following the Effective Date of this Consent Decree, the Court retains jurisdiction to enforce the terms of the Consent Decree.

(4) Designation of EEOC Representative: When this Consent Decree requires Defendants to submit documents or other materials to the EEOC, such documents or other materials shall be mailed to the U.S. Equal Employment Opportunity Commission, San Antonio Field Office, c/o Eduardo Juarez, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229-3555.

## V. **EFFECTIVE DATE AND DURATION OF AGREEMENT**

A.  **Duration:**  The term of this Consent Decree shall be two (2) years, commencing on the date upon which the Court enters this Consent Decree (the "effective date").

B.  **Effective Date:** This Consent Decree shall become final and effective for all purposes upon approval and entry by the Court. The "effective date" shall be utilized for the calculation of all time periods and actions required pursuant to this Agreement.

SO ORDERED.

Signed this ____day of _____, 2019.

_____
JASON PULLIAM
United States District Judge

AGREED TO AS TO FORM AND SUBSTANCE:

Approved on Behalf of the Commission:

        SHARON FAST GUSTAFSON
        General Counsel

        JAMES LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

*Philip Moss by permission of Robert A. Canino*

        ROBERT A. CANINO
        Regional Attorney
        Oklahoma Bar No. 011782

*/s/ Edward Juarez*

        EDWARD JUAREZ
        Supervisory Trial Attorney
        Texas Bar No. 24019498

*/s/ Philip Moss*

        PHILIP MOSS
        Trial Attorney
        Texas State Bar No. 24074764
        Email: philip.moss@eeoc.gov

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        San Antonio Field Office
        5410 Fredericksburg Rd., Suite 200
        San Antonio, Texas 78229-3555
        Telephone:(210) 281-7636
        Facsimile:(210) 281-7669

10/25/2019
Date

Approved on Behalf of the Intervenors:

10/25/2019  
Date

_Philip Moss by permission of_  
_Javier Espinoza_  
Javier Espinoza  
Counsel for Intervenors

Approved on Behalf of the Defendants:

10/25/2019  
Date

_Philip Moss by permission of_  
_Michael De Ponte_  
Michael DePonte  
Counsel for Defendants

# EXHIBIT A

# NOTICE TO ALL EMPLOYEES

**This NOTICE is being posted pursuant to a Consent Decree entered by the U.S. District Court for the Western District of Texas, (EEOC v. DH San Antonio Management, LLC, et al., 5:18-CV-990 JKP). This NOTICE will be conspicuously posted for a period of two (2) years at this facility. It must not be altered, defaced, or covered by any other material.**

**POLICY:** Discrimination of any kind can and often will detract from employees' job performance, discourage employees from remaining on the job, keep employees from advancing in their careers, and lower overall employee morale and productivity. It is the policy of DH San Antonio Management, LLC, ("La Cantera") that discrimination based on national origin and/or retaliation is unacceptable and will not be condoned. **This is a zero tolerance policy.**

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of Title VII of the Civil Rights Act of 1964, as amended, and the Equal Employment Opportunity Commission's guidelines on discrimination based on national origin and/or retaliation and to reiterate La Cantera's policy on national origin-based discrimination, including harassment, and retaliation as defined by Title VII.

**SCOPE:** This policy extends to all employees of La Cantera, including management, non-management, and temporary/probationary employees.

**DEFINITION:** National origin discrimination means treating someone less favorably because he or she comes from a particular place, because of his or her ethnicity or accent, or because it is believed that he or she has a particular ethnic background. National origin discrimination also means treating someone less favorably at work because of marriage or other association with someone of a particular nationality. Examples of violations covered under Title VII include:

- **Employment Decisions**: Title VII prohibits any employment decision, including recruitment, hiring, and firing or layoffs, based on national origin;

- **Harassment**: Title VII prohibits offensive conduct, such as ethnic slurs, that create a hostile work environment based on national origin. Employers are required to take appropriate steps to prevent and correct unlawful harassment. Likewise, employees should report harassment as soon as they become aware of it;

- **English-Only Rules**: A restrictive language policy violates Title VII if it is adopted for discriminatory reasons, such as bias against employees of a particular national origin. Thus, it would be unlawful disparate treatment to implement an English-only policy to avoid hearing foreign languages in the workplace, to generate a reason to discipline or terminate people who are not native English speakers, or to create a hostile work environment for certain non-English speaking workers. Evidence of disparate treatment includes failure to consider whether there are substantial business reasons for the policy. The weaker the

15

business reasons, the more difficult it may be to justify the policy under Title VII. In addition, a facially neutral restrictive language policy may violate Title VII if it causes a disparate impact on the basis of national origin and is not job-related and consistent with business necessity; and

- **Accent discrimination**: An employer may not base a decision on an employee's foreign accent unless the accent materially interferes with job performance.

This list is by no means exhaustive. There are other forms of national origin discrimination.

Nevertheless, an English-Only policy may be permissible and proper, at times, when such a policy or rule is job-related and consistent with business necessity. EEOC's Enforcement Guidance on National Origin Discrimination. Section V. C. (No. 915.005 November 18, 2016).

**DEFINITION:** Retaliation is the punishment of an employee for engaging in a protected activity, such as reporting discriminatory conduct, filing a discrimination charge, opposing unlawful employer practices, and/or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. Some examples of retaliation may include:

- Suspension;
- Reduction of pay;
- Discharge;
- Reassignment of job duties;
- Reduction of work hours;
- Reassignment to a different work shift;
- Intimidation; and/or
- Any action that would dissuade a reasonable employee from engaging in a protected activity as defined by Title VII.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedures, and activities are in full compliance with applicable federal, state, and local equal employment laws, statutes, rules, and regulations regarding discrimination. All employees are expected to read, understand, and follow La Cantera's Policy Prohibiting National Origin Discrimination and Retaliation.

**REPORTING PROCEDURES:** Supervisors who receive complaints will promptly notify a manager or Human Resources representative who is responsible for addressing and investigating complaints of discrimination. A person either alternatively, or in addition to reporting such an allegation to company officials, may contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the U.S. EEOC office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229, (866) 408-8075. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS**: A complete investigation of each complaint will be undertaken immediately by La Cantera's Human Resources Department. The investigation may include interviews of employees and supervisors at the facility.

**PUNISHMENT FOR VIOLATION:** Employees, including supervisors and managers, who engage in national origin-based discrimination, including but not limited to, harassment and/or retaliation, can expect serious disciplinary action. After an appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding, or hearing under Title VII of the Civil Rights Act of 1964. La Cantera will not punish you for reporting national origin-based discrimination, including harassment, and/or retaliation simply because you have made a complaint under the above guidelines.

Signed this _____ day of _____, 2019.

_____
DH San Antonio Management LLC